MEMPHIS & LITTLE ROCK RAILROAD COMPANY v. ORGAN.

Opinion delivered February 15, 1902.

1. APPEAL—EFFECT OF REVERSAL.—Where, on appeal, the supreme court held that an action was barred by limitation as to some of the appellees, and reversed and remanded the cause, without any exception in favor of those said not to be barred, the reversal applies to the entire case.    (Page 196.)

2. ANCILLARY SUIT—EFFECT OF REVERSAL IN PRINCIPAL SUIT.—Suit brought to enforce a decree of the lower court falls with the reversal of such decree on appeal.    (Page 196.)

Appeal from Crittenden Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

Reversed and dismissed.

In 1894 Theresa L. Organ and others obtained a decree in the Crittenden chancery court against the Memphis & Little Rock Railroad Company, as reorganized.   On September 12, 1895, appellees, Charles H. Organ and others, being the same parties in interest as the plaintiffs in the former suit, filed their complaint herein against the Memphis & Little Rock Railroad Company, as Reorganized, and others, in which they set forth the rendering of said decree, and alleged that the railroad company was insolvent and that its railway and other property by foreclosure had passed into the hands of the Little Rock & Memphis Railroad Company, and asked that said railway and other property be subjected to the payment of said decree.

On a final hearing of this cause in the court below the court rendered a decree in accordance with the prayer of the complaint. On appeal therefrom appellants moved to dismiss the cause on the ground that, since the suit was brought, the decree in the case of Theresa L. Organ and others against the Memphis & Little Rock Railroad Company, as Reorganized, was appealed to the supreme court, and a decree entered therein reversing the decree of the lower court and remanding the cause for a new trial.

*Rose, Hemingway & Rose,* for appellants.

*Randolph & Randolph* and *T. B. Turley,* for appellees.

BUNN, C. J.   This suit is ancillary to the suit of Theresa L. Organ *et al.,* which had but recently been determined in the Crittenden circuit court when this cause was instituted therein, and an appeal had been taken to this court, and styled here the *Memphis & Little Rock Railroad Company as Reorganized* v. *Organ;* that is to say, it is confessedly based upon the decree of the court below in the former suit.   That suit was determined in this court on the 14th October, 1899, and on that day was reversed and remanded. (67 Ark. 84.)   The only question involved in the opinion rendered was the application of the statute of limitations, and it was proved as a fact in the case that the action was barred as to all the claimants in the case, except seven or eight of the more remote heirs under disabilities of one kind or another at the time the original suit was instituted, on August 3, 1880.   The decree of the court below in the cause was remanded with directions to proceed according to the opinion then rendered.   The contention of appellant in its motion to dismiss the case is that when a decree is reversed on appeal in this court, the case stands as if no decree or judgment had ever been rendered in the court below, and this reversal affects all the appellees in the suit to that extent.   We are of opinion that that is the correct rule, as applied to this case; for, while it was said by this court that some of the claimants were not barred, this of course meant that they were not barred as appeared from the record in the case.   The reversal and remanding of the case for further proceedings meant necessarily a remanding of the whole case, for that order would be superfluous as to the heirs shown to be barred by the statute of limitations, and could only apply to those who did not appear in the record to be barred.   It was manifestly a reversal of the entire case, for there was no reservations in the decree of reversal in favor of those said to be not barred.

The ancillary case, having had its foundation swept from under it, must necessarily fall.

We think the principle of *West* v. *East Coast Cedar Co.* 110 Fed. Rep. 727, applies to the issue made in the motion to dismiss and response thereto in this case.

Action dismissed.